[778 NYS2d 89]

In the Matter of GERARD MARTIN CAREY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 7, 2004

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 13 charges of professional misconduct. He stipulated to all of the factual allegations contained in the petition. At the hearing, the petitioner's case consisted entirely of documentary evidence, to wit, 10 exhibits. The respondent testified on his own behalf and produced 9 exhibits, all of which were admitted into evidence. At the conclusion of the hearing, the Special Referee sustained all of the charges except Charge Five. The petitioner now moves to disaffirm the report of the Special Referee insofar as it failed to sustain Charge Five and to confirm the report insofar as it sustained the remaining charges. The respondent has not submitted any papers in opposition or in response to the petitioner's motion.

Charge One alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). In April 1998, the respondent began representing Yvette Jurman, who sought to commence a matrimonial action in Orange County. The respondent commenced the action on Ms. Jurman's behalf in September 1999. The respondent subsequently obtained an affidavit from Ms. Jurman's husband indicating that he would not contest the action. In February 2000, he submitted a note of issue to the Supreme Court, Orange County, but failed to submit a request for judicial intervention, which was necessary for the matter to be processed by the court. Between the time of his submission of the note of issue and his receipt of a grievance regarding the matter in December 2001, the respondent took no further action in the matter.

Charge Two alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). In May 2002, the respondent advised the petitioner's counsel that he anticipated filing the documentation necessary for the court to review and resolve Ms. Jurman's uncontested matrimonial action. As of the date of the petition, the respondent had failed to take the appropriate steps for Ms. Jurman's action to be reviewed and concluded.

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to cooperate with an investigation of a

complaint of professional misconduct. By letter dated October 22, 2002, which was sent by certified mail, the petitioner requested the respondent, inter alia, to provide documentation regarding his efforts in Ms. Jurman's matrimonial action. The letter specified that he was to reply within 10 days of his receipt thereof, and that his failure to comply could result in his immediate suspension from the practice of law and the petitioner seeking authorization to commence a disciplinary proceeding against him. The respondent received the letter on October 22, 2002. As of the date of the petition, he had not submitted any documentation in response to the petitioner's request.

Charge Four alleged that, based on the factual allegations alleged in Charge Three, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Six alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to cooperate with an investigation of a complaint of professional misconduct. By letter dated October 23, 2002, which was sent by certified mail, the petitioner provided the respondent with a copy of the complaint of Keith Pucino. The letter specified that the respondent was to submit his written answer to the complaint within 10 days of his receipt thereof. The respondent received the letter on October 30, 2002. As of the date of the petition, he had not submitted any response to the complaint.

Charge Seven alleged that, based on the factual allegations contained in Charge Six, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Eight alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain his biennial attorney registration, as required by Judiciary Law § 468-a and 22 NYCRR 118.1. The respondent was required to submit his registration statement and fee to the Office of Court Administration for the 2000-2001 registration period on April 9, 2000. He did not do so until May 22, 2002.

Charge Nine alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code

of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to cooperate with an investigation of a complaint of professional misconduct. By letter dated December 28, 2001, the petitioner requested that the respondent submit a written answer to a sua sponte complaint alleging that he had failed to maintain his attorney registration. The letter specified that the respondent was to submit his answer within 10 days of his receipt thereof. He failed to do so. The petitioner sent additional letters by certified mail to both his residence and office addresses directing him to submit a written answer to the sua sponte complaint within 10 days of his receipt thereof. The letter sent to the respondent's office address was dated February 21, 2002, and was received on February 25, 2002. The letter sent to his residence was dated February 26, 2002, and was received on March 11, 2002. The respondent failed to submit a written answer to the sua sponte complaint within 10 days of receiving the letters.

Charge Ten alleged that, based on the factual allegations contained in Charge Nine, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Eleven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain his biennial attorney registration, as required by Judiciary Law § 468-a and 22 NYCRR 118.1. In conjunction with the payment of his attorney registration fee for the 2000-2001 period, the respondent also submitted payment of his registration fee for the 2002-2003 period by check or checks to the Office of Court Administration in the total amount of $600, which were subsequently returned due to insufficient funds. As of the date of the petition, the respondent had failed to satisfy his outstanding attorney registration fees for the 2000-2001 and 2002-2003 registration periods.

Charge Twelve alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to cooperate with an investigation of a complaint of professional misconduct. By letter dated October 22, 2002, which was sent by certified mail, the petitioner requested the respondent, inter alia, to provide documentation regarding the payment of his attorney registra-

tion fee. The letter specified that he was to reply within 10 days of his receipt thereof, and advised him that his failure to comply could result in his immediate suspension from the practice of law and the petitioner seeking authorization to commence a disciplinary proceeding against him. The respondent received the letter on October 22, 2002. As of the date of the petition, he failed to submit any documentation in response to the petitioner's request.

Charge Thirteen alleged that, based on the factual allegations contained in Charge Twelve, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced at the hearing, including the respondent's admissions, that branch of the petitioner's motion which is to confirm the report of the Special Referee is granted insofar as Charges One through Four and Six through Thirteen are sustained, and that branch of the motion which is to disaffirm the report insofar as Charge Five is not sustained is denied.

As the Special Referee found, this is another case of a sole practitioner handling too many cases during a time of personal crisis. The respondent testified at the hearing that, during the period in question, he experienced financial problems and the death of several extended family members. In addition, his wife was diagnosed with cancer, and the bank sought to foreclose the mortgage on his home. He testified that he was under a tremendous amount of stress, which resulted in depression and paralysis of action. Since then, he has taken corrective measures. He closed his practice and sought counseling. He is now employed by a collection agency, and his home is no longer in foreclosure.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and MASTRO, JJ.

Ordered that the petitioner's motion is granted insofar as Charges One through Four and Six through Thirteen are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent, Gerard Martin Carey, is censured for his professional misconduct.